**G. F. TURNER et al., Appellants,**

**v.**

**TEXAS SPORTSERVICE, Inc., Appellee.**

**No. 13314.**

Court of Civil Appeals of Texas.

San Antonio.

March 19, 1958.

Boone, Davis, Cox & Hale, Corpus Christi, for appellants.

J. Marvin Ericson, Corpus Christi, for appellee.

BARROW, Justice.

Appellee, as plaintiff, sued upon an alleged written guaranty executed by appellants, guaranteeing the liquidated contractual obligation of the Robstown Baseball Club. The cause was tried to a jury upon one special issue which was found in favor of appellants.

The case was tried at the July-January term, 1956, which ended on the first Monday in January, 1957. The jury rendered the verdict on November 16, 1956

On November 20, 1956, appellee filed and presented to the court its motion for judgment non obstante veredicto, which was set for hearing on November 28, 1956. On November 28, 1956, the hearing on appellee's motion for judgment non obstante veredicto was passed for re-setting and it was still pending on June 26, 1957, when the court, without formally ruling thereon, rendered judgment for appellants and against appellee, upon the jury verdict.

On July 2, 1957, appellee filed its motion for a new trial. On August 5, 1957, appellee's motion for a new trial was called to the attention of the court, and by agreement of the parties was set for hearing for the week of August 12, 1957. At the same time, over appellants' objection, the court, on its own motion, re-set for hearing and further consideration appellee's motion for judgment non obstante veredicto for the week of August 12, 1957.

On August 13, 1957, all parties being present by their counsel, the court, on its own motion, set aside and vacated the judgment rendered on June 26, 1957, and announced that he would further consider appellants' motion for judgment on the verdict and appellee's motion for judgment non obstante veredicto, and set hearing thereon for September 3, 1957. On September 3, 1957, the court reset the hearing for September 19, 1957. On September 19, 1957, after hearing and considering all motions for judgment, the court granted appellee's motion for judgment non obstante veredicto, which judgment was reduced to writing, dated and signed on September 24, 1957. This appeal is from that judgment.

The case is before this Court without statement of facts, and we must presume that the evidence supports the judgment if the court had authority to render it at the time it was rendered. We are confronted with a question of procedure which amounts to a question of jurisdiction.

The 94th District Court operates with what is known as continuous terms, Art. 199, Subdivision 94, Vernon's Ann. Civ.Stats., and is governed by the provisions of Rule 330, Texas Rules of Civil Procedure.

Rule 330(j) provides:

"If a case or other matter is on trial, or in the process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of court and no motion or plea shall be con-

sidered as waived or overruled, because not acted upon at the term of court at which it was filed, but may be acted upon at any time the judge may fix or at which it may have been postponed or continued by agreement of the parties with leave of the court. This subdivision is not applicable to original or amended motions for new trial which are governed by Rule 329-b. Amended by order of July 20, 1954, effective Jan. 1, 1955."

The record shows that the case was heard and the jury verdict rendered at the July-January, 1956, term; that the judgment on the jury verdict was rendered at the January-July, 1957, term, and that the judgment non obstante veredicto was rendered at the July-January, 1957, term. Thus the judgment was rendered at the second term after the term during which the case went to trial.

The Supreme Court in British General Ins. Co. v. Ripy, 130 Tex. 101, 106 S.W. 2d 1047, 1048, in striking down a judgment rendered at the second term after the term at which the case went to trial, said:

"We are not in accord with the holding of the Court of Civil Appeals that it was not ground for setting aside the judgment of the trial court that two terms of the court had elapsed after the verdict was received before judgment was rendered thereon.

"The laws and rules governing practice and procedure in district courts prior to the passage in 1923 of the act (Acts 1923, c. 105 p. 215), governing practice and procedure in civil district courts in counties having two or more such courts and whose terms continue for three months or longer, were controlling in all district courts. A part of the 1923 act was subsequently incorporated in the 1925 revision of the statutes as articles 2092 and 2093. The court in which this case was heard is one of the class of courts covered by the act. Subdivision 28 of article 2092, as amended by Acts 1930, 5th Called Sess. c. 70, § 1 (Vernon's Ann.Civ.St. art. 2092, subd. 28), reads: 'A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the Judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date.'

"It will be noted that no provision is made by the foregoing section to govern the trial court as to the requisite procedure beyond the 'next term of court' after that at which the trial began, when the case is on trial upon expiration of such term. By the terms of the provision of subdivision 28 set out in the second sentence thereof, the trial may be proceeded with at the 'next term' of court, but beyond that no provision is made. The act is silent as to the requisite procedure in event the case is still on trial at a subsequent term after the trial begins, other than the 'next term.'

"The present case was on trial and had proceeded to the point that the verdict of the jury had been received, when the term at which the trial began expired. The trial judge took the case under advisement but did not render judgment at that term or at the next term. The case was consequently still on trial when the latter term expired, no judgment having been rendered. Stephenson v. Nichols, Tex. Com.App., 286 S.W. 197.

"The law with respect to proceeding with an unfinished trial when the time for the expiration of the term of court arrives, regardless of whether it is the term at which the trial began, or any subsequent term, is set out in article 1923, R.C.S. 1925, which reads: '*Whenever* a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed.' (Italics ours.)

"The law as declared in the foregoing excerpt was in existence when the act of 1923 was passed, and was applicable as the governing procedure in the contingency stated, in all district courts. The law as thus declared, as well as all laws and rules governing practice and procedure generally in district courts, was expressly continued in effect by the 1923 act to govern proceedings not provided for therein. Article 2093.

"The Legislature, in providing statutory extension of the term at which the procedure began, recognized that ordinarily a trial would be completed at the term at which it began, or the next term, and further that the then existing procedural law was adequate in case of an unfinished trial at the close of any term, regardless of whether it was the next after the trial began or any subsequent term. It did not intend thereby to provide an unlimited extension, or to abrogate the procedure provided in article 1923, supra, further than to obviate the necessity in the courts covered by the 1923 act of entering extension orders upon the minutes when trials were not completed during the terms at which they began. The legislative intention was doubtless to remove the necessity on the part of courts remaining constantly in session for frequent entry of orders of extension of terms, and to thereby facilitate the prompt disposition of causes.

"Our view just stated as to the legislative intent with respect to the provision of section 28 involved herein is in harmony with that expressed by this court in its construction of the provisions of the same section relating to the time within which motions for new trial must be acted upon by the trial court. See Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; and Independent Life Insurance Company of America v. Work, 124 Tex. 281, 77 S.W.2d 1036.

"It follows from what has been stated that the rendition and entry of the judgment in the present case subsequent to the expiration of the next term after the trial began, in the absence of entry of an order extending the term, was without authority of law. As stated in Rouff v. Boyd, Tex. Civ.App., 16 S.W.2d 403, 407, a case in which judgment was rendered at a similar time as to court terms and also without entry of an extension order: 'No rule of law is more firmly established in the jurisprudence of this state than that courts can only exercise their jurisdiction to hear and determine personal or property rights at the time and place fixed by the stat-

ute or rules of court authorized by the statutes. We do not think the rendition of the judgment in this case on December 18, 1928, during the third term of the court after the term at which the case was heard and submitted, was authorized by any statute or court rule. The only statute under which such authority is claimed by respondents is subdivision 28 of article 2092, Revised Statutes 1925, fixing rules of practice for district courts in counties having two or more district courts with only civil jurisdiction, the terms of which continue three months or longer. * * * This statute only authorizes the court to proceed with the trial and hearing of a case at the next term of the court when the term of court at which the trial began ends before the completion of the trial or hearing.' "

Article 2092, which was construed and applied in British General Ins. Co. v. Ripy, supra, is now Rule 330(j), T.R.C.P., in identical language insofar as applicable to the question involved in this case, and we think it is controlling. See also, Coats v. Garrett, Tex.Civ.App., 283 S.W.2d 289, and Pelham v. Sanders, Tex.Civ.App., 290 S.W.2d 684, in which the rule pronounced by the Supreme Court has been applied since the adoption of Rule 330, T.R.C.P.

■ Appellants contend that, under the authorities above mentioned, the June 26th judgment in their favor was the last rendered at "the next term" of the court, that all proceedings thereafter occurred at a subsequent term, and therefore the court was without power to disturb said judgment. We overrule that contention. A motion for a new trial was timely filed by appellee, and the proceedings thereon are controlled by Rule 329–b, T.R.C.P. Under this rule the court had forty-five days within which to act on the motion or to set aside the judgment, "unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." The court has plenary power until (but not after) "the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled," regardless of the expiration of a term of court during such period, to vacate, modify, correct or reform the same or to grant a new trial, according to the justice of the case. McDonald, Texas Civil Practice, Vol. 4, pp. 1420–1421, § 18.03. The judgment having been set aside within forty-five days after the filing of appellee's motion for a new trial, the order is valid.

■ Appellee contends that, in view of the fact that at the beginning of the July-January, 1957, term a motion for a new trial was pending, and that the June 26th judgment was set aside within the forty-five day period as provided by Rule 329–b, T.R.C.P., on August 13, 1957, the case was still on trial and could be continued on to the time the judgment non obstante veredicto was rendered, on September 19, 1957. We cannot agree with this contention. When the court on August 13, 1957, set aside the June 26th judgment, the status of the case was just the same as if judgment had not been rendered, and the motion for a new trial became functus officio.

The authorities cited by appellee in this connection do not in our opinion support its contention. In DeMoss v. Briggs, 145 Tex. 582, 201 S.W.2d 40, the case involved the 117th District Court, which at that time was not controlled by Rule 330(j), but by Article 1923, R.C.S. 1925. We will not lengthen this opinion with a discussion of the other cases cited.

We think it is jurisdictional that the trial court had no power on September 19, 1957, at the second term of the court succeeding the term at which the case went to trial, to render judgment non obstante veredicto, and that therefore the judgment is void.

The judgment is reversed and the cause remanded.