NO. 07-08-0399-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009
_____

IN THE INTEREST OF T.D.S.T. AND C.T., CHILDREN
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9333; HONORABLE PHIL VANDERPOOL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

In this accelerated appeal, appellants R.T. and M.T. bring four issues challenging

the trial court's judgment terminating their parental rights to T.D.S.T. and C.T.  We will

affirm.

Background

Because R.T. and M.T. do not challenge the sufficiency of the evidence supporting

termination, we will recite only the facts relevant to the issues presented.  On December

2, 2005, the Department of Family and Protective Services filed a petition to terminate the

parental rights of R.T. and M.T. to their biological children T.D.S.T. and C.T.  Through

emergency orders of December 2, the Department was appointed sole temporary managing conservator of T.D.S.T. and C.T.  Following a full adversary hearing before the associate judge on December 8, temporary orders were signed appointing the Department temporary managing conservator of T.D.S.T. and C.T.  A permanency hearing order signed on August 28, 2006, fixed December 4, 2006, as the date for dismissal and scheduled a final hearing for November 28.

The final hearing was held November 28, 2006, before the associate judge.  At the conclusion of the hearing, the associate judge orally rendered an order terminating the parental rights of R.T. and M.T. and appointing the Department permanent managing conservator of T.D.S.T. and C.T.  On December 1, R.T. and M.T. filed notice appealing the associate judge's rendition to the referring district court.  The oral rendition was reduced to a written order signed by the associate judge on December 12.

The district court conducted a trial de novo on February 20, 2007.  At the proceeding, the parties agreed the court would base its judgment exclusively on the record of the hearing of November 28, 2006.  The district court then took the matter under advisement.  On March 7, 2008, R.T. and M.T. filed a motion to dismiss the case on the ground that a final order was not rendered within the period specified by Family Code section 263.401(a).[1]

---

[1] Tex. Fam. Code Ann. § 263.401(a).  *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112 Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3768 *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 2, 2007 Tex. Gen. Laws 1837, 1838.  Unless otherwise specified, all references to Family Code provisions in this opinion are to the version of the statute in effect in 2005 when the Department filed suit.

A new district judge was appointed in March 2008. He convened a hearing in the case on April 7. There, the parties stated their positions on the merits and agreed to submit briefs. The court indicated it would review the briefs before deciding to review the record. There was no objection. The court denied the motion to dismiss of R.T. and M.T. by order of June 3.

In an order signed August 6, 2008, the district court terminated the parental rights of R.T. and M.T. and appointed the Department permanent managing conservator of T.D.S.T. and C.T. The order recites that the court *inter alia* reviewed the reporter's record of the November 28, 2006, hearing and the clerk's record before reaching its decision. The order adopted the material terms of the associate judge's order. R.T. and M.T. then appealed to this court.

Discussion

Through their first and second issues R.T. and M.T. argue the district court erred by failing to dismiss the case[2] because a final order was not rendered within the time limits of Family Code section 263.401.

As it existed at the time applicable to the underlying case, section 263.401 in pertinent part required that unless:

> [T]he court has rendered a final order...on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the

_____

[2] The Department contends the motion to dismiss filed by R.T. and M.T. was untimely. *See* Tex. Fam. Code Ann § 263.402(b). Consideration of this argument is not necessary for our disposition of the first and second issues of R.T. and M.T.

3

department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

Tex. Fam. Code Ann. § 263.401(a).

On the record, at the conclusion of the November 28, 2006, hearing the associate judge stated:

> The Court finds the evidence sufficient, does terminate the parental rights of [M.T. and R.T.] to the children [T.D.S.T. and C.T.]. Appoints the Department of Family and Protective Services as permanent managing conservator of both children. Sets the initial placement review matter in this--initial placement review hearing in this matter on Thursday, March 15, 2007 at 11 a.m. Will not order either parent to pay child support pending adoption. That concludes this hearing.

According to R.T. and M.T., the rendition by the associate judge terminating the parent-child relationship was not a final order because it was timely appealed to the district court for trial *de novo*. And the district court erred, they further argue, by not dismissing the case when it failed to render a final order within the one year period of section 263.401(a).

To analyze the issue, we must necessarily consider the meaning of the words "render" and "final order" as applied by section 263.401 and their application to the rendition by the associate judge. The term "render" is defined in the Family Code. It "means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." Tex. Fam. Code

4

Ann. § 101.026. We are guided in our understanding of "final order" by the canon of construction that when words are given a technical or particular meaning, the court should construe them accordingly. Tex. Gov't Code Ann. § 311.011(b) (Vernon 2005). *See Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex. 1995) (court is bound to construe statutory terms, in this case the DTPA, according to their statutory definitions). Section 263.401 then gave its own particular meaning to the term "final order":

> For purposes of this section, a final order is an order that:
>
> (1) requires that a child be returned to the child's parent;
>
> (2) names a relative of the child or another person as the child's managing conservator;
>
> (3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or
>
> (4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

Tex. Fam. Code Ann. § 263.401(d).

Concerning the role of the associate judge in the underlying proceedings, the version of the Family Code in place at the time allowed a district judge to appoint a full-time or part-time associate judge to hear matters in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 201.001. An associate judge could conduct a hearing and *inter alia* make findings of fact and conclusions of law, and "recommend an order to be rendered in a case." Tex. Fam. Code Ann. § 201.007(a)(1), (8), (9), & (10). Following a hearing, the associate judge was required to send a report of the proceeding, including any proposed order and other papers related to the case, to the referring court. Tex. Fam. Code Ann.

§ 201.011(e). The report could contain the associate judge's findings, conclusions, or recommendations including a proposed order. Tex. Fam. Code Ann. § 201.011(a).[3] Following a hearing, a party could "appeal an associate judge's report to the referring court by filing notice of appeal within three days of receiving notice of the substance of the report." Tex. Fam. Code Ann. § 201.015(a).[4] Here, R.T. and M.T. availed themselves of this right. Under such circumstance, the Family Code further provided that during the pendency of the appeal of "the associate judge's report, including any proposed order," to the district court, "the decisions and recommendations of the associate judge" remained in full force and effect and were enforceable as an order of the district court. Tex. Fam. Code Ann. § 201.013(a).[5] We find persuasive the reasoning and result in *Garza v. Tex. Dep't of Family & Protective Servs.* where the Austin Court of Appeals found an order of an associate judge met the requirements of a final order under section 263.401. 212 S.W.3d 373 (Tex.App.–Austin 2006, no pet.).

Applying these precepts to the facts at bar, we find the district court did not err by refusing to dismiss the case for the claimed transgression of section 263.401(a). On November 28, 2006, the associate judge rendered an order terminating the parent-child relationship and appointing the Department permanent managing conservator of T.D.S.T.

---

[3] *See* Act of May 17, 1999, 76th Leg., R.S., ch. 1302 § 7, 1999 Tex. Gen. Laws 4448, 4450, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1235 § 2, 2007 Tex. Gen. Laws 4150, 4151.

[4] *See* Act of April 4, 1995, 74th Leg., R.S., ch. 20 § 1, Tex. Gen. Laws 113, 241, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1235 § 7, 2007 Tex. Gen. Laws 4150, 4152.

[5] *See* Act of May 17, 1999, 76th Leg., R.S., ch. 1302 § 8, 1999 Tex. Gen. Laws 4448, 4450, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1235 § 5, 2007 Tex. Gen. Laws 4150, 4151.

and C.T.  The rendition met the requirements of a final order under section 263.401(d).

*See* Tex. Fam. Code Ann. § 263.401(d).[6]  The rendition had the force of an order of the

district court during the pendency of appeal to the district court.  In short, within the one-

year period specified by section 263.401(a) a final order was rendered.  The first and

second issues of R.T. and M.T. are overruled.

In their third issue, R.T. and M.T. argue the judgment of the district court following

trial *de novo* is void because it was rendered out of term without an extension.  R.T. and

M.T. did not raise this argument in the trial court in their statement of points.  Tex. Fam.

Code Ann. § 263.405(b).  Generally we are barred from considering an issue not raised in

a timely filed statement of points.  Tex. Fam. Code Ann. § 263.405(i).  However, the issue

may constitute a challenge to the trial court's jurisdiction to render judgment[7] and thus to

this court's jurisdiction to consider the merits of the appeal,[8] so we will address it.

---

[6] See Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113; Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3769, *repealed by* Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 5, 2007 Tex. Gen. Laws 1837, 1838.  The repeal of subsection (d) was effective June 15, 2007, and applies only to a suit affecting the parent-child relationship filed on or after that date.

[7] *But see Shaw & Estes v. Texas Consol. Oils,* 299 S.W. 307, 312 (Tex.Civ.App.–Galveston 1957, writ ref'd n.r.e.), suggesting action of trial court outside authorized term does not raise an issue of subject matter jurisdiction.  We need not address the question.

[8] *See Wall Street Deli, Inc. v. Boston Old Colony Ins. Co.,* 110 S.W.3d 67, 70 (Tex. App.–Eastland 2003, no pet.) (appeal of void judgment should be dismissed for want of jurisdiction)*; Mellon Service Co. v. Touche Ross & Co.,* 946 S.W.2d 862, 864 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (court of appeals has no jurisdiction to consider merits of appeal from void judgment but must vacate void judgment and dismiss appeal).

"Term of court" means the period fixed by law during which a court may be in session to hear cases and transact judicial business. *Ex parte Williams,* 704 S.W.2d 773, 787 (Tex.Crim.App. 1986). The terms of the 100th district court begin in Childress County on the first Mondays in May and December. Tex. Gov't Code Ann. § 24.202 (Vernon 2004). The court's terms are continuous, each term continuing until the beginning of the next succeeding term. Tex. Gov't Code Ann. § 24.012(b) (Vernon 2004). As for cases involving judicial actions taken in succeeding terms of court, Rule of Civil Procedure 330(i) provides in part:

> If a case or other matter is on trial, or in the process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next or any subsequent term of court and no motion or plea shall be considered as waived or overruled, because not acted upon at the term of court at which it was filed, but may be acted upon at any time the judge may fix or at which it may have been postponed or continued by agreement of the parties with leave of the court....

Tex. R. Civ. P. 330(i). In *Lloyd's of London v. Walker,* 716 S.W.2d 99 (Tex.App.–Dallas 1986, writ ref'd n.r.e.) the appellant asserted points of error grounded on a six-year delay between trial and rendition of judgment. In overruling the points, the court noted the plain language of Rule 330(i). "[T]he rule itself contains no time limit in which a court must act in rendering judgment–to the contrary, it may act at the next or *any* subsequent term." *Id.* at 101 (emphasis in original).

R.T. and M.T. present a contrary interpretation of Rule 330(i), relying on *Shaw & Estes v. Texas Consol. Oils,* 299 S.W.2d 307 (Tex.Civ.App.–Galveston 1957, writ ref'd n.r.e.) and *Turner v. Texas Sportservice, Inc.,* 312 S.W.2d 388 (Tex.Civ.App.–San Antonio

8

1958, writ ref'd n.r.e.). But *Shaw* and *Turner* applied Rule 330(i)[9] prior to its 1961 amendment. *Shaw,* 299 S.W.2d at 310-11; *Turner,* 312 S.W.2d at 389-90. As the current language of the rule and the commentary make clear, unfinished cases or other matters may be disposed of at "the next or any subsequent term of court." Tex. R. Civ. P. Ann. 330, General Commentary–1966 Amendment (Vernon 1977). As the commentary further notes, "It follows that an extension order under [former Article 1923, V.A.C.S.] is no longer required at any subsequent term of court." *Id. See also* 1 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice: Courts § 3:110[c] (2d ed. 2004) (noting that under current rules, "it appears unnecessary to discuss the practice of extending the term of a district court"). We conclude the district court did not lack jurisdiction to take action in this case during a subsequent term. We overrule the third issue of R.T. and M.T.

By their fourth issue, R.T. and M.T. argue that because the district court did not render judgment within ninety days of taking the case under advisement, they suffered substantial prejudice and harm. This argument is not couched as a jurisdictional challenge and was not raised in the statement of points R.T. and M.T. filed in the trial court. We are, therefore, precluded by law from considering it on appeal. Tex. Fam. Code Ann. § 263.405(i); *In re J.O.A.,* 262 S.W.3d 7, 16 (Tex.App.–Amarillo 2008, pet. granted). The issue is overruled.

---

[9] In 1973, former subdivision (j) was relettered subdivision (i). Tex. R. Civ. P. Ann. 330, Historical Note–1973 Amendment (Vernon 1977).

Having overruled each of the issues presented by R.T. and M.T., we affirm the judgment of the trial court.


James T. Campbell
Justice