NO. 07-08-0399-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009
                                       ______________________________
 
IN THE INTEREST OF T.D.S.T. AND C.T., CHILDREN
_________________________________

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9333; HONORABLE PHIL VANDERPOOL, JUDGE
                                      _______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
            In this accelerated appeal, appellants R.T. and M.T. bring four issues challenging
the trial court’s judgment terminating their parental rights to T.D.S.T. and C.T. We will
affirm.Background
            Because R.T. and M.T. do not challenge the sufficiency of the evidence supporting
termination, we will recite only the facts relevant to the issues presented. On December
2, 2005, the Department of Family and Protective Services filed a petition to terminate the
parental rights of R.T. and M.T. to their biological children T.D.S.T. and C.T. Through
emergency orders of December 2, the Department was appointed sole temporary
managing conservator of T.D.S.T. and C.T. Following a full adversary hearing before the
associate judge on December 8, temporary orders were signed appointing the Department
temporary managing conservator of T.D.S.T. and C.T. A permanency hearing order signed
on August 28, 2006, fixed December 4, 2006, as the date for dismissal and scheduled a
final hearing for November 28. 
          The final hearing was held November 28, 2006, before the associate judge. At the
conclusion of the hearing, the associate judge orally rendered an order terminating the
parental rights of R.T. and M.T. and appointing the Department permanent managing
conservator of T.D.S.T. and C.T. On December 1, R.T. and M.T. filed notice appealing the
associate judge’s rendition to the referring district court. The oral rendition was reduced
to a written order signed by the associate judge on December 12. 
          The district court conducted a trial de novo on February 20, 2007. At the
proceeding, the parties agreed the court would base its judgment exclusively on the record
of the hearing of November 28, 2006. The district court then took the matter under
advisement. On March 7, 2008, R.T. and M.T. filed a motion to dismiss the case on the
ground that a final order was not rendered within the period specified by Family Code
section 263.401(a).



          A new district judge was appointed in March 2008. He convened a hearing in the
case on April 7. There, the parties stated their positions on the merits and agreed to
submit briefs. The court indicated it would review the briefs before deciding to review the
record. There was no objection. The court denied the motion to dismiss of R.T. and M.T.
by order of June 3.
          In an order signed August 6, 2008, the district court terminated the parental rights
of R.T. and M.T. and appointed the Department permanent managing conservator of
T.D.S.T. and C.T. The order recites that the court inter alia reviewed the reporter’s record
of the November 28, 2006, hearing and the clerk’s record before reaching its decision. The
order adopted the material terms of the associate judge’s order. R.T. and M.T. then
appealed to this court. 
Discussion 
          Through their first and second issues R.T. and M.T. argue the district court erred by
failing to dismiss the case


 because a final order was not rendered within the time limits of
Family Code section 263.401. 
          As it existed at the time applicable to the underlying case, section 263.401 in
pertinent part required that unless: 
[T]he court has rendered a final order...on the first Monday after the first
anniversary of the date the court rendered a temporary order appointing the
department as temporary managing conservator, the court shall dismiss the
suit affecting the parent-child relationship filed by the department that
requests termination of the parent-child relationship or requests that the
department be named conservator of the child.
 
Tex. Fam. Code Ann. § 263.401(a). 
          On the record, at the conclusion of the November 28, 2006, hearing the associate
judge stated:
The Court finds the evidence sufficient, does terminate the parental rights of
[M.T. and R.T.] to the children [T.D.S.T. and C.T.]. Appoints the Department
of Family and Protective Services as permanent managing conservator of
both children. Sets the initial placement review matter in this--initial
placement review hearing in this matter on Thursday, March 15, 2007 at 11
a.m. Will not order either parent to pay child support pending adoption. That
concludes this hearing. 
          According to R.T. and M.T., the rendition by the associate judge terminating the
parent-child relationship was not a final order because it was timely appealed to the district
court for trial de novo. And the district court erred, they further argue, by not dismissing
the case when it failed to render a final order within the one year period of section
263.401(a).
          To analyze the issue, we must necessarily consider the meaning of the words
“render” and “final order” as applied by section 263.401 and their application to the
rendition by the associate judge. The term “render” is defined in the Family Code. It
“means the pronouncement by a judge of the court’s ruling on a matter. The
pronouncement may be made orally in the presence of the court reporter or in writing,
including on the court’s docket sheet or by a separate written instrument.” Tex. Fam. Code
Ann. § 101.026. We are guided in our understanding of “final order” by the canon of
construction that when words are given a technical or particular meaning, the court should
construe them accordingly. Tex. Gov’t Code Ann. § 311.011(b) (Vernon 2005). See
Transport Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex. 1995) (court is bound to
construe statutory terms, in this case the DTPA, according to their statutory definitions).
Section 263.401 then gave its own particular meaning to the term “final order”:
For purposes of this section, a final order is an order that:

(1) requires that a child be returned to the child’s parent;

(2) names a relative of the child or another person as the child’s managing
conservator;

(3) without terminating the parent-child relationship, appoints the department
as the managing conservator of the child; or

(4) terminates the parent-child relationship and appoints a relative of the
child, another suitable person, or the department as managing conservator
of the child.
Tex. Fam. Code Ann. § 263.401(d). 
          Concerning the role of the associate judge in the underlying proceedings, the
version of the Family Code in place at the time allowed a district judge to appoint a full-time
or part-time associate judge to hear matters in a suit affecting the parent-child relationship. 
Tex. Fam. Code Ann. § 201.001. An associate judge could conduct a hearing and inter
alia make findings of fact and conclusions of law, and “recommend an order to be rendered
in a case.” Tex. Fam. Code Ann. § 201.007(a)(1), (8), (9), & (10). Following a hearing, the
associate judge was required to send a report of the proceeding, including any proposed
order and other papers related to the case, to the referring court. Tex. Fam. Code Ann.
§ 201.011(e). The report could contain the associate judge’s findings, conclusions, or
recommendations including a proposed order. Tex. Fam. Code Ann. § 201.011(a).


 
Following a hearing, a party could “appeal an associate judge’s report to the referring court
by filing notice of appeal within three days of receiving notice of the substance of the
report.” Tex. Fam. Code Ann. § 201.015(a).


 Here, R.T. and M.T. availed themselves of
this right. Under such circumstance, the Family Code further provided that during the
pendency of the appeal of “the associate judge’s report, including any proposed order,” to
the district court, “the decisions and recommendations of the associate judge” remained
in full force and effect and were enforceable as an order of the district court. Tex. Fam.
Code Ann. § 201.013(a).


 We find persuasive the reasoning and result in Garza v. Tex.
Dep’t of Family & Protective Servs. where the Austin Court of Appeals found an order of
an associate judge met the requirements of a final order under section 263.401. 212
S.W.3d 373 (Tex.App.–Austin 2006, no pet.).
          Applying these precepts to the facts at bar, we find the district court did not err by
refusing to dismiss the case for the claimed transgression of section 263.401(a). On
November 28, 2006, the associate judge rendered an order terminating the parent-child
relationship and appointing the Department permanent managing conservator of T.D.S.T.
and C.T. The rendition met the requirements of a final order under section 263.401(d). 
See Tex. Fam. Code Ann. § 263.401(d).


 The rendition had the force of an order of the
district court during the pendency of appeal to the district court. In short, within the one-year period specified by section 263.401(a) a final order was rendered. The first and
second issues of R.T. and M.T. are overruled. 
          In their third issue, R.T. and M.T. argue the judgment of the district court following
trial de novo is void because it was rendered out of term without an extension. R.T. and
M.T. did not raise this argument in the trial court in their statement of points. Tex. Fam.
Code Ann. § 263.405(b). Generally we are barred from considering an issue not raised in
a timely filed statement of points. Tex. Fam. Code Ann. § 263.405(i). However, the issue
may constitute a challenge to the trial court’s jurisdiction to render judgment


 and thus to
this court’s jurisdiction to consider the merits of the appeal,


 so we will address it. 
          “Term of court” means the period fixed by law during which a court may be in
session to hear cases and transact judicial business. Ex parte Williams, 704 S.W.2d 773,
787 (Tex.Crim.App. 1986). The terms of the 100th district court begin in Childress County
on the first Mondays in May and December. Tex. Gov’t Code Ann. § 24.202 (Vernon
2004). The court’s terms are continuous, each term continuing until the beginning of the
next succeeding term. Tex. Gov’t Code Ann. § 24.012(b) (Vernon 2004). As for cases
involving judicial actions taken in succeeding terms of court, Rule of Civil Procedure 330(i)
provides in part:
If a case or other matter is on trial, or in the process of hearing when the
term of court expires, such trial, hearing or other matter may be proceeded
with at the next or any subsequent term of court and no motion or plea shall
be considered as waived or overruled, because not acted upon at the term
of court at which it was filed, but may be acted upon at any time the judge
may fix or at which it may have been postponed or continued by agreement
of the parties with leave of the court....
Tex. R. Civ. P. 330(i). In Lloyd’s of London v. Walker, 716 S.W.2d 99 (Tex.App.–Dallas
1986, writ ref’d n.r.e.) the appellant asserted points of error grounded on a six-year delay
between trial and rendition of judgment. In overruling the points, the court noted the plain
language of Rule 330(i). “[T]he rule itself contains no time limit in which a court must act
in rendering judgment–to the contrary, it may act at the next or any subsequent term.” Id.
at 101 (emphasis in original). 
          R.T. and M.T. present a contrary interpretation of Rule 330(i), relying on Shaw &
Estes v. Texas Consol. Oils, 299 S.W.2d 307 (Tex.Civ.App.–Galveston 1957, writ ref’d
n.r.e.) and Turner v. Texas Sportservice, Inc., 312 S.W.2d 388 (Tex.Civ.App.–San Antonio
1958, writ ref’d n.r.e.). But Shaw and Turner applied Rule 330(i)


 prior to its 1961
amendment. Shaw, 299 S.W.2d at 310-11; Turner, 312 S.W.2d at 389-90. As the current
language of the rule and the commentary make clear, unfinished cases or other matters
may be disposed of at “the next or any subsequent term of court.” Tex. R. Civ. P. Ann.
330, General Commentary–1966 Amendment (Vernon 1977). As the commentary further
notes, “It follows that an extension order under [former Article 1923, V.A.C.S.] is no longer
required at any subsequent term of court.” Id. See also 1 Roy W. McDonald & Elaine A.
Grafton Carlson, Texas Civil Practice: Courts § 3:110[c] (2d ed. 2004) (noting that under
current rules, “it appears unnecessary to discuss the practice of extending the term of a
district court”). We conclude the district court did not lack jurisdiction to take action in this
case during a subsequent term. We overrule the third issue of R.T. and M.T. 
          By their fourth issue, R.T. and M.T. argue that because the district court did not
render judgment within ninety days of taking the case under advisement, they suffered
substantial prejudice and harm. This argument is not couched as a jurisdictional challenge
and was not raised in the statement of points R.T. and M.T. filed in the trial court. We are,
therefore, precluded by law from considering it on appeal. Tex. Fam. Code Ann. §
263.405(i); In re J.O.A., 262 S.W.3d 7, 16 (Tex.App.–Amarillo 2008, pet. granted). The
issue is overruled. 
 
          Having overruled each of the issues presented by R.T. and M.T., we affirm the
judgment of the trial court.
 
                                                                           James T. Campbell 

                                                                                      Justice