

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00316-CV

---

IN THE INTEREST OF C.R., A CHILD

---

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 7435, Honorable Stuart Messer, Presiding

---

December 9, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Father of the child, C.R., appeals the order terminating his parental rights. Through a single issue, he contends the trial court lacked jurisdiction to enter the order. It purportedly lacked jurisdiction because trial had not commenced within the time period mandated by statute. We affirm.

*Background*

According to the appellate record, the Department of Family and Protective Services (the Department) filed an "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." The document was filed marked June 4, 2018. Then, the trial court entered an order,

signed June 4, 2018, naming the Department "temporary sole managing conservator of the child." That order contained the following recital: "On June 1, 2018, the Department . . . presented its Petition to the Court."

Via an order signed on October 23, 2018, the trial court designated June 10, 2019, as the date on which suit would be dismissed if trial were not commenced by then. No one objected to that designation. Subsequently, the cause was set for a final hearing on June 7, 2019.

On May 17, 2019, appellant filed a "Motion to Retain Suit on Court's Docket and Set New Dismissal Date." Therein, Father appellant alleged that the date the Court "rendered an order appointing the [Department] managing conservator" was "June 4, 2018," and that the "date for dismissal [was] June 10, 2019." He also moved for a continuance of the June 7th final hearing. However, the record fails to indicate whether the court acted upon either motion.

The record does reflect, though, that on June 7th the court held "a Permanency Hearing Before Final Order" and extended its former dismissal date to December 4, 2019. So, too did it designate August 1, 2019, as the date for final hearing. On August 1, 2019, appellant filed his "Motion to Dismiss for Want of Jurisdiction and for Return of the Child." The proceeding was not dismissed. Rather, the trial court ordered that the parental relationship between Father and C.R. be terminated after Father, on August 1, 2019, tendered an "Affidavit of Voluntary Relinquishment of Parental Rights to the Department of Family and Protective Services." The order terminating the relationship was signed on August 14, 2019.

*Issue – Jurisdiction*

According to appellant, the Department was named temporary managing conservator of the child on June 1, 2018. Furthermore, statute required trial to commence by the Monday following the first anniversary date on which the Department was appointed conservator, unless the deadline was extended by the trial court within that one-year period. The following Monday after the first anniversary date was June 3, 2018. Because trial had not begun by June 3rd and any attempt to extend the deadline had not occurred until after June 3rd, the trial court allegedly lost jurisdiction over the proceeding on June 3rd. Thus, it could neither execute the June 7th order extending the dismissal deadline nor order termination of father's parental rights. We overrule the issue.

As noted by appellant, section 263.401 of the Texas Family Code provided:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday **after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator**, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

TEX. FAM CODE ANN. § 263.401(a) (West Supp. 2019) (emphasis added). Per that statute, dismissal could be avoided by commencing trial. Or, per § 263.401(b) of the Code, it could avoid dismissal by, among other things, rendering an order designating a "new dismissal date" within 180 days "after the time described by Subsection (a)." *Id.* § 263.401(b)(1).

3

Next, as depicted in the portion of § 263.401(a) we italicized, the one-year deadline begins when the trial court "rendered" its order appointing the Department conservator. If that order were rendered here on June 1st, then Father's jurisdictional argument would be correct. But the foundation underlying his argument consists of equating "rendered" with "presented." In other words, Father suggests that the order appointing the Department conservator was "rendered" when the Department's petition was "presented" to the trial court.

As noted in our opinion in *In re T.D.S.T.*, 287 S.W.3d 268 (Tex. App.—Amarillo 2009, pet. denied), the Texas Family Code defines "render." *Id.* at 271. It means the pronouncement by a judge of the court's ruling. *Id.* (quoting TEX. FAM CODE ANN. § 101.026). That pronouncement may be either oral in the presence of a court reporter or written via documents such as a separate order or docket sheet. *Id.* Here, we find in the appellate record no reporter's record of any hearing being held on June 1st which memorializes an oral pronouncement by the court regarding the conservatorship of C.R. Nor do we find any docket sheet in the appellate record addressing conservatorship. What we have, though, is 1) a written order signed on June 4th wherein the trial court expressly appointed the Department temporary managing conservator of C.R. and 2) the Department's June 4th petition requesting such appointment.

Additionally, we note that the plain meaning of "presented" fails to encompass the meaning of "rendered." Of course, the former is the past tense of "present," which means to give, bring to someone's attention, and offer. *See Present* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003). Assigning those definitions to "presented" leads us to conclude that the passage "[o]n June 1, 2018, the Department . . . presented its

4

Petition to the Court" simply means that the Petition was brought to the attention of, offered to, or given to the trial court. It does not mean that the trial court acted on the Petition and actually appointed the Department as conservator on June 1st. So, given this and the documents of record, we must conclude that the order appointing the Department actually was pronounced and, therefore, rendered on the 4th of June 2018, not the 1st.

Thus, the trial court had jurisdiction, on June 7, 2018, to extend the dismissal deadline. It also disposed of the suit by acting upon Father's affidavit relinquishing his parental rights before that extended deadline expired, and that requires us to affirm the trial court's judgment. We so affirm.

Brian Quinn
Chief Justice
